UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS GONZALEZ,<br><br>    Petitioner,<br><br>  v.<br><br>PATRICK COVELLO,<br><br>    Respondent. | No.  2:19-cv-01798-TLN-CKD (P)<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se in this federal habeas corpus action filed pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss petitioner's federal habeas corpus application on the basis that it is barred by the statute of limitations.  ECF No. 20.  Petitioner has not filed an opposition and the time for doing so has expired.  For the reasons discussed below, the court recommends that the motion to dismiss be granted and petitioner's application for federal habeas corpus relief be dismissed with prejudice as time barred.

**I.     Factual and Procedural History**

Following a jury trial, petitioner was convicted of first-degree murder in the Fresno County Superior Court.  ECF No. 21-1 at 1-2 (Abstract of Judgment).  He was sentenced to 28 years-to-life.  Id.  On direct appeal, the California Supreme Court denied his petition for review on April 25, 2018.  ECF No. 21-4 at 1.  Petitioner did not file any state habeas corpus petitions,

but he did file a petition for resentencing pursuant to California Penal Code § 1170.95 on June 14, 2019.¹  ECF No. 21-5 at 1-3.  The trial court denied this petition for resentencing on July 24, 2019.  ECF No. 21-5 at 6.

Petitioner properly commenced the present habeas corpus action by filing his original § 2254 petition on November 19, 2019.  ECF No. 10.  On February 21, 2020, this court denied respondent's first motion to dismiss as moot since petitioner had filed an amended § 2254 petition that cured any ambiguity concerning his claims for relief.  ECF No. 19.  In his first amended habeas application, petitioner raises the same three claims that he presented on direct appeal.  First, petitioner contends that his Miranda rights were violated.  ECF No. 18 at 4, 43-62; see also Miranda v. Arizona, 384 U.S. 436 (1966).  Next, petitioner alleges that his right to due process was violated based on the trial court's admission of prejudicial predisposition evidence in the form of his prior acts of domestic violence.  ECF No. 18 at 62-77.  Last, petitioner argues that the prosecutor committed several acts of misconduct also in violation of his Fourteenth Amendment right to due process.  ECF No. 18 at 77-89.  Based on these asserted constitutional violations, petitioner seeks to have his conviction and sentence reversed.  ECF No. 18 at 91.

**II.     Legal Standards**

   **A.  Statute of Limitations**

Section 2244(d) (1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court.  The one-year clock commences from several alternative triggering dates which are described as:

> "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or

---

¹ All filing dates are calculated using the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266 (1988); Campbell v. Henry, 614 F.3dd 1056, 1069 (9th Cir. 2010) (applying the prison mailbox rule to both state and federal filings by incarcerated inmates).

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1).

### B. Statutory Tolling

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). The statute of limitations is not tolled from the time when a direct appeal in state court becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Moreover, the tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has expired (i.e., restart the clock to zero). Thus, a state court habeas petition filed after the expiration of AEDPA's statute of limitations does not toll the limitations period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

### C. Equitable Tolling

A court may equitably toll the statute of limitations if petitioner demonstrates: 1) the existence of an "extraordinary circumstance" that prevented him from timely filing; and, 2) that notwithstanding such an impediment he was diligently pursuing relief. See Holland v. Florida, 560 U.S. 631, 649 (2010). The Supreme Court has further clarified that the diligence required to establish entitlement to equitable tolling is not "'maximum feasible diligence'" but rather only "'reasonable diligence.'" Holland, 560 U.S. at 653 (citations omitted). However, the Ninth Circuit has cautioned that "the threshold necessary to trigger equitable tolling ... is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and quotations omitted). Additionally, petitioner must demonstrate the causal relationship between the extraordinary circumstance and the untimely filing. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). With respect to equitable tolling, "the statute-of-limitations

clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)).

**III.   Analysis**

In the instant case, petitioner's conviction became final on July 24, 2018 following the expiration of time to seek certiorari review in the United States Supreme Court. See 28 U.S.C. § 2244(d)(1)(A) (noting that the statute of limitations commences from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). The federal statute of limitations commenced the next day and expired one year later on July 24, 2019 absent any statutory or equitable tolling.

Petitioner did not file any state habeas corpus petitions that would toll the statute of limitations. See 28 U.S.C. § 2244(d)(2). However, petitioner did file a petition for resentencing in the Fresno County Superior Court which respondent concedes is entitled to statutory tolling of the limitations period. This petition for resentencing was filed on June 14, 2019 and denied by the trial court on July 24, 2019. See ECF No. 21-5. Therefore, the one-year statute of limitations was tolled for this period of 20 days. 28 U.S.C. § 2244(d)(2). Granting petitioner statutory tolling for this period of time, the statute of limitations expired on **August 13, 2019**. Petitioner did not file his original § 2254 petition until November 19, 2019 which was 98 days after the statute of limitations expired.[2]

Petitioner did not file an opposition to the motion to dismiss raising any grounds for equitably tolling the statue of limitations. Moreover, the court has independently reviewed the entire record in this matter and does not discern any basis for equitable tolling. For these reasons, the undersigned recommends granting respondent's motion and dismissing petitioner's federal

---

[2] Although petitioner filed several motions to extend the time to file his federal habeas petition, this court made it clear that it was not expressing any opinion on the timeliness of such subsequently filed petition by ruling on the motions. See ECF No. 3 at n. 1. The court also points out that petitioner's first request for an extension of time was not filed until September 1, 2019, after the statute of limitations had already expired even giving him the benefit of the prison mailbox rule. ECF No. 1.

4

habeas application with prejudice as barred by the statute of limitations.

### IV.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the motion to dismiss and the attached exhibits, the undersigned has determined that you filed your federal habeas petition too late.  As a result, the claims raised in the habeas petition will not be addressed on the merits and it is recommended that your habeas petition be dismissed with prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 20) be granted.

2. Petitioner's first amended application for a writ of habeas corpus (ECF No. 18) be dismissed with prejudice as barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).   Any response to the objections shall be served and filed

/////

/////

within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 17, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/gonz1798.mtd.sol.docx